**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEAN SCOTT,

       Plaintiff,

                                      CASE NO. 09-CV-10810

-vs-

                                      PAUL D. BORMAN

HOME AMERICAN d/b/a UPLAND       UNITED STATES DISTRICT JUDGE
MORTGAGE, DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Indenture Trustee, and OCWEN REAL
ESTATE ASSET Liquidating Trust
2007-1, Asset-Backed Notes Series
2007-1 as Assignee, TROTT & TROTT
P.C., Jointly, severally, individually,

       Defendants.

_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS; (2) GRANTING DEFENDANT TROTT & TROTT, P.C.'S MOTION FOR SUMMARY JUDGMENT; AND (3) DISMISSING THE CASE WITH PREJUDICE**

This matter is before the Court on Defendant Deutsche Bank's ("Deutsche Bank") motion to dismiss, or in the alternative, for summary judgment (Docket No. 10) and Defendant Trott & Trott, P.C.'s ("Trott") motion for summary judgment (Docket No. 14). Plaintiff, who proceeds in *pro per*, and was properly served with both motions, has not filed a response to either motion and, although provided with written notice, did not appear at the hearing, which was held on October 1, 2009. For the following reasons, the Court GRANTS Defendant Deutsche Bank's Motion to Dismiss and GRANTS Defendant Trott's motion for summary judgment.

**I.      BACKGROUND**

On May 24, 2000, Plaintiff and her now deceased mother entered into a mortgage with American Home Credit, Inc. securing property located at 13597 Longacre Street, Detroit, Michigan. The property secured a Note executed by Plaintiff in the amount of $75,000. (Deutsche Bank Mot. 2; Exs. 1, 2.) The mortgage was assigned several times and eventually transferred to Deutsche Bank as recorded on April 1, 2008. (Deutsche Bank Mot. Ex. 3.) When Plaintiff failed to satisfy her financial obligations under the mortgage, Deutsche Bank, through its loan servicer Ocwen, hired Trott to institute foreclosure proceedings against Plaintiff.[1] (Trott Mot. 2, 3.) Ultimately, Deutsche Bank obtained the property at a foreclosure sale by Sheriff's Deed on October 6, 2008. (Deutsche Bank Mot. 2, Ex. 4; Trott Mot. 2.) Plaintiff filed this suit on March 4, 2009.

Plaintiff's Complaint alleges that Deutsche Bank and Trott (1) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g) by failing to properly validate the debt, and by communicating with her after Plaintiff sent a "cease and desist" letter; and (2) violated the Fourteenth Amendment by accomplishing foreclosure proceedings by advertisement.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss[2]

---

[1] The relationship between Deutsche Bank and Ocwen is discussed in Deutsche Bank's motion. Deutsche Bank is the "Indenture Trustee for the Registered Holders of Ocwen Real Estate Liquidating Trust 2007-1" and its address is listed in the assignment of mortgage as "Ocwen Loan Servicing, LLC." (Deutsche Bank Mot. 1, Ex. C.) The collection letter sent by the Trott firm to Plaintiff on August 22, 2008 seeking to collect the mortgage amount identified the creditor as "Ocwen Loan Servicing, LLC." (Trott Mot. Ex. A.)

[2] Deutsche Bank also urges this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that Plaintiff did not properly serve it with a copy of the Summons and Complaint. Deutsche Bank points out that Plaintiff served Ocwen Loan Servicing, LLC who is not a party to this case and is not authorized to accept service on behalf of Deutsche Bank. However, court records indicate that Plaintiff also served Deutsche Bank National Trust Company at its offices in Los Angeles, California. (Docket No. 7) Deutsche Bank does not acknowledge or

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 555 (internal citations omitted). The Supreme Court recently clarified the *Twombly* requirement in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), stating that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than

---

address this service. In any event, as discussed below, this Court dismisses Plaintiff's Complaint for the separate and independent reason that it fails to state a claim against Deutsche Bank.

3

create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Rule 12(b) provides that if "matters outside the pleadings are present to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." But, in addition to the allegations and exhibits of the complaint, a court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citations omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

Plaintiff has failed to attach to her Complaint any of the documents central to her claim. The documents relied upon by Defendant Deutsche Bank in its motion to dismiss are either public records or are central to Plaintiff's claims in this case. Therefore, this Court can resolve Defendant Deutsche Bank's motion as one to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323; *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

### C. Plaintiff's Failure to Respond

The Sixth Circuit has held, "the non-moving party bears a burden once the movant has pointed to record evidence showing that there are no genuine issues of material fact. . . . This burden to respond is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden—for example, by remaining silent—its opportunity is waived and its case wagered." *Guarino v. Jones*, 980 F.2d 399, 405 (6th Cir. 1992).

> [I]t seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion. Such a role would carry the court far beyond simply reviewing evidence in "the light most favorable to the non-moving party," or giving effect to inferences reasonably arising from the designated evidence. For these and other entirely sound reasons, the Rule requires the non-moving party to do its own work, and to assist the trial court by responding to the motion, pointing out as specifically as is reasonably possible facts that might demonstrate the existence of genuine issues.

*Id*. at 406. In the case before this Court, although properly served with both motions, Plaintiff has failed to respond to either of the Defendants' motions, failed to request an extension of time in

which to file a response and did not appear at the hearing on October 1, 2006.

### III. ANALYSIS

A. Definition of a "Debt Collector" Under the FDCPA

1. Deutsche Bank's Status as a "Debt Collector"

It is clear that Deutsche Bank is not a "debt collector" as that term is used in the FDCPA. As the creditor on the mortgage and holder of the note, Deutsche Bank is expressly excluded from liability under the terms of the statute: "The term "debt collector" . . . does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). The statute, by its terms, limits its reach to those collecting "debts of another" and does not apply to the activities of a creditor collecting its own debts. This very issue was addressed by the court in *Romberger v. Wells Fargo Bank*, No. 07-13210, 2008 WL 3838026 (E.D. Mich. Aug. 14, 2008).[3] On virtually identical facts, Judge Cook concluded that Wells Fargo (the assignee from the MERS, the original mortgagee), as a creditor attempting to collect a debt owed to it while using its own name, was excluded from liability under § 1692a(6)(A):

> MERS, as the original mortgagee, is in the same position as Wells Fargo. Romberger has not put forth any allegations or evidence that either of these Defendants transmitted any correspondence to him in an attempt to collect on debts other than those obligations that were owed directly to them. Based on the allegations before the Court, neither Wells Fargo nor MERS satisfy the statutory definition of a "debt collector" under the FDCPA.

2008 WL at *4. In exempting original creditors, Congress recognized that when the entity that originated the loan is attempting to collect the debt, it is restrained in its collection efforts by its desire to retain the goodwill of its customer. *See Somin v. Total Comty Mgmt Co.*, 494 F.Supp.2d

---

[3]Deutsche Bank attached the complaint from the *Romberger* case to support its position that Plaintiff's Complaint in this case is a copy-cat, cookie-cutter document. The parallels are undeniable.

7

153, 159 (E.D.N.Y. 2007) (holding that originators of mortgage loans do not fall within the statutory definition of debt collectors and are not subject to the FDCPA). The fact that Deutsche Bank engaged Trott to collect the debt in Deutsche Bank's name does not change the analysis. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (holding that a bank, as the actual, original creditor collecting its own account through a repossessor, was exempt from the statutory definition of a "debt collector"). Deutsche Bank is not a "debt collector" and is exempt from the provisions of the FDCPA.

    2. Trott's Status as a "Debt Collector"

The analysis as to Trott's status as a "debt collector" under the FDCPA requires additional probing. As Judge Cook noted in *Romberger*, which also involved the Trott law firm, there is disagreement among the circuits as to whether law firms that handle foreclosures are "debt collectors." 2008 WL at *4. In *Romberger*, the court declined to conclude on the facts before it that Trott was not a debt collector as the term is used in the FDCPA, particularly in light of the fact that Trott's own communications with plaintiff stated that it was a debt collector. Trott's communications with Plaintiff in the case before this Court contain similar language: <u>Debt Collector</u>. Thus, this Court concludes that calling itself a "debt collector" makes Trott a debt collector. However, as in *Romberger,* Trott maintains that it has complied with the act and Plaintiff does not present any evidence to dispute this.

 B. Trott's Compliance With the FDCPA

Plaintiff maintains that she disputed her debt and that Trott instituted foreclosure proceedings in violation of § 1692g by failing to cease collection efforts and send her validation of the debt. Trott argues that section 1692g(b) requires the debtor to dispute the debt within 30 days after receipt of the initial notice letter, which in this case was sent to Plaintiff on August 22, 2008.

(Trott Mot. Ex. A.) Trott maintains that Plaintiff's response, sent on September 25, 2008, was not sent within the statutory 30-day period. In fact, when Trott received Plaintiff's response, the foreclosure sale had already occurred. While not required to do so, Trott responded to Plaintiff explaining that her request was not timely and that the property had been sold at foreclosure. (Trott Mot. 5; Ex. C.) Trott states that Plaintiff sent another letter dated October 25, 2008, again requesting validation, and Trott again responded that the request was not timely and the property had been sold. (Trott Mot. 5; Ex. D.) Based upon the communications attached to its motion, Trott argues that it complied with the FDCPA. Plaintiff does not respond and does not contest this. Under the reasoning of *Guarino*, this Court can interpret Plaintiff's silence as tacit acceptance of the validity of Trott's arguments. Trott, therefore, has complied with the requirements of the FDCPA.

C. The Constitutionality of Foreclosure by Advertisement

Plaintiff argues that the foreclosure sale held on her property violated her 14th Amendment due process rights, relying primarily on *Northrip v. Fed. Nat'l Mortgage Ass'n*, 372 F. Supp. 594 (E.D. Mich. 1974). Plaintiff fails to acknowledge, however, that the Sixth Circuit overturned that District Court decision in *Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23, 32 (6th Cir. 1975) (holding that no state action exists in a foreclosure by advertisement). As Judge Cook noted in *Romberger, supra*, where plaintiff made this same argument, "[t]he constitutionality of foreclosure by advertisement has been examined and subsequently determined to be valid by the Sixth Circuit Court of Appeals, the Michigan Supreme Court, and the Michigan Court of Appeals." 2008 WL at *3. Plaintiff's claim that her 14th Amendment rights were infringed by the foreclosure of her home by advertisement fail as a matter of well established law.

**IV. CONCLUSION**

For the reasons stated, the Court:

(1) **GRANTS** Defendant Deutsche Bank's motion to dismiss;

(2) **GRANTS** Defendant Trott's motion for summary judgment; and

(3) **DISMISSES** the action with prejudice.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 9, 2009.

S/Denise Goodine
Case Manager